UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA | No. 18 CR 365 |
|---|---|
| v. | The Honorable Matthew F. Kennelly |
| Syed Ather, MD | |

**PROTECTIVE ORDER GOVERNING DISCOVERY**

Upon the partially opposed motion of the government, pursuant to Fed. R. Crim. P. 16(d), it is hereby ORDERED:

1. All of the materials provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case (collectively, "the materials") are subject to this protective order and may be used by defendant Syed Ather ("Defendant") and Defendant's counsel (defined as counsel of record in this case) solely in connection with the defense of this case, or as part of any disputes with the Center for Medicare and Medicaid Services (CMS), the States of Illinois or Texas, or other health insurance companies with respect to the Defendant's license and claims submission, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

2. Defendant and Defendant's counsel shall not disclose the materials or their contents directly or indirectly to any person or entity other than persons consulted, appointed or employed to assist in the defense, persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons

1

to whom the Court may authorize disclosure (collectively, "authorized persons"). Potential witnesses and their counsel may be shown copies of the materials as necessary to prepare the defense, but may not retain copies without prior permission of the Court.

3. Certain materials to be disclosed by the government contain particularly sensitive information, including medical records of persons other than the Defendant. These materials will be produced <u>without</u> redactions of the personal identifying and medical information, but they will be subject to the rules of this Order. These materials shall be plainly marked as sensitive by the government either on the face of the document or in an index accompanying the document's production at the time of disclosure. Absent prior permission from the Court, information marked as sensitive shall not be included in any public filing with the Court, and instead shall be submitted under seal, with the permission of the Court (except if Defendant chooses to include in a public document sensitive information relating solely and directly to Defendant).

4. Defendant, Defendant's counsel, and authorized persons shall not copy or reproduce the materials except in order to provide copies of the materials for use in connection with this case by Defendant, Defendant's counsel, and authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials.

5. **Defendant, Defendant's counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

6. **Before providing materials to an authorized person, defense counsel must provide the authorized person with a copy of this Order.

7. **Upon conclusion of all stages of this case, all of the materials and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered by the Court. The materials may be (1) destroyed; (2) returned to the United States; or (3) retained in defense counsel's case file. The Court may require a certification as to the disposition of any such materials. In the event that the materials are retained by defense counsel, the restrictions of this Order continue in effect for as long as the materials are so maintained, and the materials may not be disseminated or used in connection with any other matter without further order of the Court.

8. **The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case, except that any document filed by any party which attaches or otherwise discloses specially identified sensitive information as described in Paragraph 3 above shall be

filed under seal (with the Court's permission), absent prior permission from this Court, unless the parties agree on appropriate redaction of sensitive information.

9. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

ENTER:

_____
Matthew F. Kennelly
District Judge
United States District Court
Northern District of Illinois

Date: 7/6/2018